**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CIT COMMUNICATIONS FINANCE CORPORATION, f/k/a AT&T Credit Corporation, a Delaware corporation, | ) ) ) | |
| | ) | Case Number: 08 CV 6458 |
| Plaintiff, | ) | |
| v. | ) | Assigned Judge: Honorable Judge |
| | ) | Coar |
| WES-TECH AUTOMATION SOLUTIONS, LLC, | ) | |
| f/k/a Wes-Tech Automation Systems, LLC, an | ) | Designated Magistrate Judge: |
| Illinois limited liability company; RALLY | ) | Honorable Magistrate Judge Nolan |
| CAPITAL SERVICES, LLC, an Illinois limited | ) | |
| Liability company; and HOWARD B. SAMUELS; | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO COMPEL
DEFENDANT WES-TECH AUTOMATION SOLUTIONS, LLC'S
ANSWERS TO OUTSTANDING WRITTEN DISCOVERY
ISSUED BY PLAINTIFF IN FEBRUARY 2009**

Plaintiff CIT Communications Finance Corporation ("CIT") moves this Court for an

order compelling Defendant Wes-Tech Automation Solutions, LLC ("Wes-Tech") to (i) answer

the outstanding written discovery issued by CIT Communications Finance Corporation ("CIT")

within 3 days after the date of the Court's order and (ii) produce its Fed R. Civ. Pro. 30(b)(6)

deponent within 5 days after the date of the Court's order.  In support of its motion, CIT states as

follows:

1.     In November 2008, CIT filed its Complaint, issued Summonses against the

above-named Defendants and caused the Defendants to be served therewith.

2.     On December 3, 2008, Wes-Tech appeared through its counsel, Mr. Wesolowski

and Mr. Skuster, and filed its motion seeking an extension to answer or otherwise plead.

3.      On December 5, 2008, this Court granted Wes-Tech's motion for an extension of time granting it through January 28, 2009 to answer or otherwise plead.

4.      On January 28, 2009, Wes-Tech filed its Answer to CIT's Complaint.

5.      On February 25, 2009 CIT issued its written discovery requests to Wes-Tech, including, *inter alia*, Interrogatories and Document Requests.  Attached as Exhibits A and B are copies of Plaintiff's First Set of Interrogatories to Defendant Wes-Tech Automation Solutions, LLC and Plaintiff's First Set of Document Requests to Wes-Tech Automation Solutions, LLC.

6.      On March 2, 2009, this Court held a scheduling conference and on March 3, 2009, this Court issued a scheduling order that, among other things, closed discovery on May 18, 2009. However, the Court has since extended the discovery deadline to July 6, 2009.  Attached as Exhibit C is a copy of the scheduling order dated March 3, 2009 and as Exhibit D the docket entry dated May 13, 2009 extending the discovery closure date to July 6, 2009.

7.      On March 24, 2009, CIT received Wes-Tech's answers to CIT's requests for admissions of fact,

8.      On March 26, 2009, CIT received Wes-Tech's 26(a)(1) disclosures only; said 26(a)(1) disclosures were due February 25, 2009.  *See* Exhibit C.

9.      Since March 26, 2009, CIT has not received any responses from Wes-Tech to the other discovery requests it has made in this matter, including Interrogatories and Document Requests.

10.     On May 1, 2009, CIT issued a Notice of Deposition to depose a knowledgeable person from Wes-Tech on or about May 12, 2009.  Attached as Exhibit E is a copy of the relevant notice of deposition.

11.    On the morning of May 11, 2009, CIT's counsel received a message from Wes-Tech's attorneys' office confirming the deposition a Wes-Tech representative scheduled for the following day, May 12, 2009.    Attached as Exhibit F is CIT's counsel's affidavit attesting thereto.

12.    However, by the early afternoon of May 11, 2009, Mr. Wesolowski left a voice mail for Ms. Karpowicz cancelling the May 12, 2009 deposition and stating that Wes-Tech is not producing anyone to be deposed on that day.  *See* Exhibit F.

13.    After receipt of Mr. Wesolowski's cancellation, Ms. Karpowicz spoke with Mr. Wesolowski via telephone on the later part of May 11, 2009 at which time Mr. Wesolowski stated that George Garifalis was the most knowledgeable person to answer the topics listed in CIT's rider to the notice of deposition issued to Wes-Tech but that Mr. Wesolowski was not going to produce him until such time as he received answers from CIT to Wes-Tech's written discovery requests.  *See* Exhibit F.

14.    On the morning of June 4, 2009, undersigned counsel and Bruce Menkes, additional counsel for CIT, attempted to contact either of the attorneys of record for Wes-Tech by telephone but were told that all of the firm's lawyers were out of the office at that time on court calls.  Counsel for CIT left a message requesting a return call, but counsel for Wes-Tech failed to return the call.    *See* Exhibit F.

15.    On the late afternoon of June 4, 2009, having received no contact from Wes-Tech's attorneys, Mr. Menkes and Ms. Karpowicz again phoned Wes-Tech's counsel and this time spoke with Mr. Wesolowski who stated that by the following day, June 5, 2009, he would provide them with a proposed date for the deposition of an appropriate Wes-Tech representative

and a date by which Wes-Tech would supply its answers to the outstanding written discovery requests issued by Plaintiff in February 2009. *See* Exhibit F.

16.     By June 8, 2009, having received no contact from Mr. Wesolowski or anyone else on Wes-Tech's behalf, Mr. Menkes emailed Mr. Wesolowski again requesting dates by which Wes-Tech would respond to the outstanding written discovery requests and proposed deposition dates. A copy of the E-mail from Mr. Menkes to Mr. Wesolowski dated June 8, 2009, is attached as Exhibit G.

17.     As of June 9, 2009, CIT's counsel has not heard from either of the attorneys of record for Wes-Tech or anyone else on Wes-Tech's behalf and has not received any of the information sought, including answers to Interrogatories and Document Requests.

18.     On June 9, 2009, CIT issued an Amended Notice of Deposition to depose a knowledgeable person from Defendant Wes-Tech on June 15, 2009. A copy of the Amended Notice of Deposition is attached as Exhibit H.

19.     After the aforementioned good faith attempts to obtain Wes-Tech's answers to CIT's outstanding written discovery requests, including Interrogatories and Document Requests, CIT's counsels' attempts to engage in consultation have been unsuccessful due to no fault of CIT's counsel. *See* Exhibit F.

20.     To date, Wes-Tech has failed to produce the appropriate representative under 30(b)(6), failed to answer the Interrogatories submitted by CIT under Rule 33, and failed to produce documents requested by CIT under Rule 34.

WHEREFORE, CIT respectfully requests that the Court enter an order compelling Defendant Wes-Tech to (i) answer the outstanding written discovery issued by CIT within three

business days after the date of the Court's order, (ii) produce its Rule 30(b)(6) witness within 5

days after the date of the Court's order, and (iii) enter such other relief as this court deems just.

By: /s/ Agata P. Karpowicz
        Mandell Menkes LLC
        333 West Wacker Drive, Suite 300
        Chicago, Illinois 60606
        (312) 759-3472
        Counsel for Plaintiff.

## CERTIFICATE OF SERVICE

I, Agata P. Karpowicz, an attorney, hereby certify that on June 9, 2009, I electronically filed the foregoing notice and motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Defendants identified below. Documents required to be served by Fed. R. Civ. P. 5(a) have been served.

(Counsel for Rally Capital Services, LLC and Howard B. Samuels)
Martin J. O'Hara
Shawn M. Staples
Much Shelist Denenberg Ament & Rubenstein, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606

(Counsel for Wes-Tech Automation Solutions, LLC)
William Dean Skuster
Francis J. Wesolowski
Morrisroe & Associates, Ltd.
114 South Bloomingdale Road
Bloomingdale, Illinois 60108

/s/ Agata P. Karpowicz
Counsel for Plaintiff

Agata P. Karpowicz (ARDC No. 6280323)
Mandell Menkes LLC
333 West Wacker Drive, Suite 300
Chicago, Illinois 60606
Main: (312) 251-1000
Direct: (312) 759-3472
Email: akarpowicz@mandellmenkes.com