**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CIT COMMUNICATIONS FINANCE )<br>CORPORATION, f/k/a AT&T Credit Corporation, )<br>a Delaware corporation, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>WES-TECH AUTOMATION SOLUTIONS, LLC, )<br>f/k/a Wes-Tech Automation Systems, LLC, an )<br>Illinois limited liability company; RALLY )<br>CAPITAL SERVICES, LLC, an Illinois limited )<br>liability company; and HOWARD B. SAMUELS; )<br>)<br>Defendants. ) | Case Number: 08 CV 6458<br><br>Judge Coar<br><br>Magistrate Judge Nolan |

**CIT'S MOTION *IN LIMINE*—PRECLUDE NEW WES-TECH FROM ELICITING TESTIMONY ABOUT ITS ALLEGED PURCHASE OF A NEW TELEPHONE SYSTEM OR ITS DISPOSAL OF CIT'S TELEPHONE SYSTEM**

CIT Communications Finance Corporation ("CIT") moves to bar any testimony by any witness for Wes-Tech Automation Solutions, LLC ("New Wes-Tech") about New Wes-Tech's alleged purchase of a new phone system or systems, or New Wes-Tech's alleged disposal of CIT's telephone system, because New Wes-Tech's 30(b)(6) deponent had conducted no investigation of and claimed no knowledge of these topics.

Background

CIT has alleged that New Wes-Tech continued to use the telephone system that CIT had leased to Wes-Tech Inc. ("Old Wes-Tech") after New Wes-Tech purchased the assets of Old Wes-Tech from the trust established for the benefit of Old Wes-Tech's creditors and began its operations at Old Wes-Tech's premises in December of 2004. New Wes-Tech has admitted that it did initially use the telephone system, but it claims that it replaced the system with a system it purchased on

eBay in 2005 and in turn replaced that system in 2009 with a third system. Nevertheless, New Wes-Tech has stipulated that it still has parts of the CIT system which it received from the trust.

Therefore CIT scheduled a Rule 30(b)(6) anticipating that New Wes-Tech would produce a witness capable of describing (i) the telephone equipment which New Wes-Tech allegedly purchased (*See* Topic 6 on Exhibit A) and (ii) which CIT equipment remained in use (Topics 2 and 3). CIT's Amended Notice of Deposition, listing these specific topics, is attached as Exhibit A. CIT additionally listed topics asking the identity of the vendors who installed and ran the wiring for the alleged new equipment so that it could obtain further information from those vendors. (Topics 7-9). New Wes-Tech designated its employee George Garifalis, to address all of these topics.

Garifalis' Testimony

Mr. Garifalis admitted that he did not speak with anyone besides his counsel in preparation for the deposition. *See* deposition transcript (attached as Ex. B) at 12:18-20. He stated he did not take any steps to learn New Wes-Tech's knowledge about the topics listed because "I knew the topics myself . . . I did not go and interview people or anything like that." *Id.* at 14:6-12. However, Mr. Garifalis' testimony makes clear that he did not know the topics. When asked about the vendors who installed, configured or programmed the alleged new telephone systems (Topic 7), Mr. Garifalis responded "I would have to find out . . . I would have to check were people used, how we did it." *Id.* at 64:11-22. When asked about how he could learn about the vendors who were used, Mr. Garifalis responded "Go through my AP, and then start asking my engineers on site as to who worked with it most closely." When asked who those engineers were, he stated "I don't have anybody specifically. I would actually – I would investigate further to find out, but, as I stated, I would start out first by looking at my accounts payable to see who was engaged." Id at 67:14-19. Mr. Garifalis admitted that he had not looked at the accounts payable. *Id.* at 67: 20-24.

Mr. Garifalis did not have any more information about the new equipment New Wes-Tech had allegedly purchased (Topic 6). When asked about the telephone system which New Wes-Tech presently uses, Mr. Garifalis stated "I don't know the make or model. I do know it's no longer a Merlin Legend ." *Id*. at 25:16-17. He had not even looked in the closet containing New Wes-Tech's telephone equipment in preparation for his deposition. *Id*. at 26:18:21. He admitted that he would have known what equipment was in the closet if he had looked in it, but justified his failure to look by stating: "All I know is, it's not your phone system, so I didn't think there was any relevance." Id at 34:2-10. After initially claiming that New Wes-Tech purchased a "complete" new system on eBay, Mr. Garifalis conceded that some of the telephones were acquired by other means, but that he was not sure from where they had come. He stated "I know my brother had extra phones. I believe we acquired some extra ones as well from other sources." *Id*. at 70:5-7. In fact, he admitted "[q]uite frankly, I may have – may have – some of them stayed over from the old system [i.e. Old Wes-Tech's phone system]. I don't recall." *Id*. at 71:20-22. Topic 6 specifically asks for information about "the equipment (including private branch exchanges and similar equipment) purchased or leased by New Wes-Tech," but Mr. Garifalis was unable to answer any questions about New Wes-Tech's "new" private branch exchange, and claimed not to know what a private branch exchange was. When asked if there was presently a private branch exchange on New-Wes Tech's premises, Mr. Garifalis said "I couldn't tell you." *Id*. at 26:10-12.

Mr. Garifalis also could not answer any question about Wes-Tech's alleged disposal of CIT's equipment (Topic 4). When asked if the phone system was discarded, Mr. Garifalis stated "I believe some was. How much, I can't tell you. *Id.* at 47:4-13. He was then asked who discarded the system, and stated "I don't recall." *Id.*

3

Ultimately, Mr. Garifalis admitted that he did not even know if he had reviewed the list of topics. He stated "I'm not sure if we did or not. I mean, I think – I just came back from an overseas trip, so I apologize. I know what we've prepared in the past and I know the basics of this—of the inquiry and I came prepared to answer to the best of my knowledge . . ." *Id.* at 65:2-6.

Legal Standard

Mr. Garifalis' failure to perform any background investigation into topics 2 through 4 and 6 through 9 listed in the notice prior to the Rule 30(b)(6) deposition was functionally equivalent to failing to appear for the deposition. *Black Horse Lane v. Dow Chem. Corp.*, 228 F.3d 275, 303-04 (3rd Cir. 2000). The court in *Black Horse Lane* stated:

> In reality if a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it. Indeed, we believe that the purpose behind Rule 30(b)(6) undoubtedly is frustrated in the situation in which a corporate party produces a witness who is unable and/or unwilling to provide the necessary factual information on the entity's behalf. . . . Thus, we hold that when a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), "[p]roducing an unprepared witness is tantamount to a failure to appear" that is sanctionable under Rule 37(d).

*Black Horse Lane*, 228 F.3d at 304, quoting *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996). New Wes-Tech should not now be permitted to introduce testimony of its alleged purchase of new telephone equipment or its alleged disposal of CIT's telephone equipment after failing to present an adequately prepared corporate designee witness during fact discovery. *See Reilly v. Natwest Mkts. Group, Inc.*, 181 F. 3d 253, 268-69 (2d Cir. 1999) (affirming district court sanction precluding witnesses from testifying at trial following a failure to produce them for an examination in response to a Rule 30(b)(6) notice); *Ty, Inc.*, 2004 U.S. Dist. LEXIS 1681, at *11 (if a party is denied the opportunity to depose a witness or otherwise develop evidence to contest their anticipated testimony, the witness should not be permitted to testify at trial); *citing Boynton*,

1994 U.S. Dist. LEXIS 11967 (admitting the testimony of a witness disclosed only in the pretrial order would unfairly surprise because the opposing party that had no opportunity to depose the witness).

Conclusion

WHEREFORE, CIT respectfully requests that this Court bar any testimony by any witness for New Wes-Tech about New Wes-Tech's alleged purchase of a new phone system or systems, or New Wes-Tech's alleged disposal of CIT's telephone system

By: Agata P. Karpowicz

Agata P. Karpowicz (ARDC No. 6280323)
Mandell Menkes LLC
333 West Wacker Drive, Suite 300
Chicago, Illinois 60606
Main: (312) 251-1000
Direct: (312) 759-3472

**CERTIFICATE OF SERVICE**

    I, Agata P. Karpowicz, an attorney, hereby certify that on November 6, 2009, I electronically filed the foregoing notice and motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Defendants identified below.

(Counsel for Rally Capital Services, LLC and Howard B. Samuels)
Martin J. O'Hara
Shawn M. Staples
Much Shelist Denenberg Ament & Rubenstein, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606

(Counsel for Wes-Tech Automation Solutions, LLC)
William Dean Skuster
Francis J. Wesolowski
Morrisroe & Associates, Ltd.
114 South Bloomingdale Road
Bloomingdale, Illinois 60108

/s/ Agata P. Karpowicz
Counsel for Plaintiff

Agata P. Karpowicz (ARDC No. 6280323)
Mandell Menkes LLC
333 West Wacker Drive, Suite 300
Chicago, Illinois 60606
Main: (312) 251-1000
Direct: (312) 759-3472
Email: akarpowicz@mandellmenkes.com