IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CIT Communications Finance Corporation | ) | |
| f/k/a AT&T Credit Corporation, | ) | |
| | ) | Case No. 08 CV 6458 |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Judge Coar |
| Wes-Tech Automation Solutions, LLC, f/k/a | ) | |
| Wes-Tech Automation Systems, LLC; Richard | ) | Magistrate Judge Nolan |
| Gilchrist; Rally Capital Services, LLC; and | ) | |
| Howard B. Samuels. | ) | |
| Defendant, | ) | |

## WES-TECH AUTOMATION SOLUTIONS, LLC'S POST-TRIAL MEMORANDUM

Defendant, Wes-Tech Automation Solutions, LLC, by its attorneys, and pursuant to this Honorable Court's Order submits its Post-Trial Memorandum regarding Plaintiff's failure to prove that it is entitled to damages. Defendant maintains that Plaintiff is barred from recovery as not proof was offered that a demand was made upon Defendant, that no proof of what, if any, equipment was used by New Wes-Tech was offered, that recovery is barred by the doctrine of *laches*, that no proof of willfulness or wanton conduct was presented to warrant the imposition of punitive damages and that the wiring used as part of the telephone system is a fixture; however, as Defendant presented these issues in its Pre-Trial Memorandum and Proposed Conclusions of law they are not reiterated here.

*Jeremy Galton*

Jeremy Galton is the Vice President of Investment Recovery for Plaintiff.  In that capacity he recovers money and property for plaintiff, negotiates for sales of equipment with lessees, works with outside counsel and negotiates payment plans.  CIT maintains a computer database of its own dispositions of telephone systems.  He does not maintain the database, but it is available to him and he checks it periodically, sometimes monthly.

With regard to the telephone system installed at 720 Dartmouth Place, Buffalo Grove, Illinois, which is the facility used by Old Wes-Tech and New Wes-Tech, Mr. Galton testified that its original cost was $115,000.00 and that fair market value in December 2004 was $40,000.00. That if he was negotiating with a lessee, he would start negotiating them out of a lease at $86,000.00 then get what he can depending on the circumstances.  Regarding the use value in December 2004, Mr. Galton testified that the existing lease payment for old Wes-Tech was a reasonable value for the use of the equipment in December 2004 and during 2005, because in his experience Plaintiff can sometimes get the same rate.

On cross examination, Mr. Galton acknowledged that in a Lake County, Illinois replevin case he stated on oath that the resale value of the equipment was only $25,890.90.  Mr. Galton further acknowledged that the documentation attached to the Lake County replevin complaint showed the equipment value was only $57,912,98 original cost in 1998.

Pursuant to Illinois law, where the existence of damages is established, "the evidence need only tend to show a basis for the computation of damages with a fair degree of probability." *Medcom Holding Company v. Baxter Travenol Laboratories, Inc.,* 106 F.3d 1388; 1997 U.S. App. LEXIS 2719, (7th Cir. 1997), citing *In re Busse*, 124 Ill. App. 3d 433, 464 N.E.2d 651, 655,

79 Ill. Dec. 747 (Ill. App. Ct. 1984). Although damages need not be shown with mathematical precision, they must be established with reasonable certainty. *Ma v. Community Bank,* 686 F.2d 459, 466 (7th Cir.), *appeal dismissed and cert. denied,* 459 U.S. 962 (1982).

In *Midcoast Aviation, Inc. v. General Electric Credit Corp.*, 907 F.2d 732, 737 (7th Cir. 1990) the court stated that:

> The correct measure for *quantum meruit* recovery "is expressed by the amount which the court considers defendant has been unjustly enriched at the expense of plaintiff." In general, the amount of money awarded to the plaintiff should be an amount that makes the defendant's enrichment "just." The defendant's enrichment would be just if the plaintiff received the full value of his work. At that point, the plaintiff would have no unjustness to complain about, even if the defendant remains somewhat enriched. It would also be just if the defendant disgorged the entire amount of the enrichment received. Without being enriched, the defendant cannot be unjustly enriched. *The proper measure of quantum meruit recovery, then is generally the lower of these two: the economic cost to plaintiff of providing a benefit or the economic enrichment of defendant in receiving it.* (emphasis added).

Under Illinois law, the measure of damages for conversion is the fair market value of the property at the time of conversion, *Harry H. Ellis, d/b/a Photo America of Chicago, Inc., v. Photo America Corporation*, 113 Ill. App. 3d 493; 447 N.E.2d 852 (1st Dist. 1983) and it is plaintiff's burden to show a reasonable basis to determine the value of the items converted. *Scheduling Corporation of America v. Massello,* 119 Ill.App.3d 355; 456 N.E.2d 298 (1st Dist. 1983).

Here, Plaintiff failed to establish its damages with a reasonable certainty in several respects. Plaintiff failed to reasonably identify what equipment of plaintiff's was at defendant's location in December 2004. While the evidence indicated a telephone system was in place, plaintiff's witness stated that the original equipment cost was $115,000.00, while the documents

attached to Plaintiff's sworn complaint in the Lake County replevin case show that the cost was only $57,912,98. Mr. Galton testified that a prior lease was rolled into the present lease; however, Mr. Galton was unable to state that the equipment which was leased pursuant to the prior lease of Old Wes-Tech was ever installed at the 720 Dartmouth address. Had plaintiff called one of the former owners of Old Wes-Tech, Plaintiff could have established the nature of the phone system installed at 720 Dartmouth Place, Buffalo Grove, Illinois; however, they did not, and no reliable evidence was presented to show what, if any, of plaintiff's equipment was at that location. Therefore, plaintiff has failed to present a starting point for its valuation. As the basis for Mr. Galton's opinion as to the value and use value of the equipment was based upon the $115,000.00 original cost, Mr. Galton's opinion as to the 2004 fair market value of the equipment is rendered worthless. Further, Mr. Galton acknowledged on cross examination that the database maintained by CIT to track equipment sales only includes CIT transactions and does not report sales outside of CIT; therefore, that database which is the foundation for Mr. Galton's opinion can hardly be considered a measuring stick for fair market value.

Additionally, Mr. Galton's opinion testimony presented to this court was impeached by his sworn opinion of resale value presented in the Lake County replevin case and therefore, his opinion should be ignored. Plaintiff presented no other opinion as to the value of the equipment in December 2004 or at any time during 2005, nor did Plaintiff present any other evidence as to the cost to plaintiff of defendant's use of the equipment or or the value to defendant of the use of the equipment.

Therefore, Defendant, Wes-Tech Automation Solutions, LLC, respectfully requests that this honorable court enter judgment in Defendant's favor.

Respectfully Submitted,

**WES-TECH AUTOMATION SOLUTIONS, LLC**


/s/ Frank J. Wesolowski_____
By its attorneys


Frank J. Wesolowski
**Morrisroe & Associates, Ltd.**
114 South Bloomingdale Road
Bloomingdale, IL 60108
(630)539-0880
(630-539-0829 (fax)