## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CIT COMMUNICATIONS FINANCE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 6458 |
| | ) | |
| WES-TECH AUTOMATION SOLUTIONS, | ) | |
| LLC, RICHARD GILCHRIST, RALLY | ) | |
| CAPITAL SERVICES, LLC, and | ) | |
| HOWARD B. SAMUELS | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

Before the court is the plaintiff's motion for prejudgment interest. We grant the plaintiff's motion for the reasons explained below.

### DISCUSSION[1]

After a bench trial, Judge Coar entered judgment in favor of plaintiff CIT Communications Finance Corp. ("CIT"), and against defendant Wes-Tech Automation Solutions, LLC ("Wes-Tech"), on CIT's claims for conversion and implied contract/*quantum meruit*. (Judgment Order, DKT #82.) On its *quantum meruit* claim, Judge Coar awarded CIT $11,142.87 — the rental value of CIT's telephone equipment during the six months that Wes-Tech used it without

---

[1] We will assume that the reader is familiar with Judge Coar's memorandum and opinion, dated August 17, 2010.

paying CIT — "plus interest." (<u>Id.</u>; <u>see also</u> Mem. Op. and Order,
DKT # 81, at 23.)[2]  As a preliminary matter, Wes-Tech points out
that Judge Coar did not specify whether he intended to award
prejudgment or post-judgment interest.  (Def.'s Resp. to Mot. for
Interest on Award ¶ 4.)  We conclude that he awarded both.  Judge
Coar provided in his order that interest would be calculated on the
"restitution award," not the total amount of the judgment.  Post-
judgment interest, which the plaintiff is entitled to recover
whether or not the district court specifically provides for it,
would apply to the full judgment amount.  <u>See</u> <u>Bell, Boyd & Lloyd v.</u>
<u>Tapy</u>, 896 F.2d 1101, 1104 (7th Cir. 1990).

CIT requests prejudgment interest of $3,953.00, which it
calculates using the prime rate, compounded monthly.  Wes-Tech
argues that CIT is not entitled to any prejudgment interest, or if
it is, we should apply the Illinois Interest Act's rate (5%) and
impose simple rather than compound interest ($3,051.32, by Wes-
Tech's calculation).  Wes-Tech argues that the Illinois Interest
Act does not authorize prejudgment interest on *quantum meruit*
awards.  But as CIT points out, Illinois courts distinguish between
legal and equitable claims when awarding prejudgment interest.  In
"actions at law" prejudgment interest is recoverable "only under
the Interest Act or if the parties' agreement provides for it."

---

[2/]  Judge Coar concluded that CIT had not proven with reasonable certainty
its damages from Wes-Tech's conversion of the equipment, and awarded nominal
damages of $1 on that claim.  (Mem. Op. and Order at 18-20, 24.)

_Prignano v. Prignano_, 934 N.E.2d 89, 108 (Ill. App. Ct. 2010).
When the plaintiff's claim is equitable, "'the allowance of
interest lies within the sound discretion of the judge and is
allowed where warranted by equitable considerations.'" _Id._
(quoting _Tri-G, Inc. v. Burke, Bosselman & Weaver_, 856 N.E.2d 218,
257 (Ill. 2006)). _Quantum meruit_ is an "equitable theory . . .
founded on the implied promise of a recipient of services to pay
for such valuable services, as otherwise the recipient would be
unjustly enriched." _Carlton at the Lake, Inc. v. Barber_, 928
N.E.2d 1266, 1272 (Ill. App. Ct. 2010). Therefore, prejudgment
interest was recoverable and Judge Coar acted well within his
discretion to award it in this case. _See Santamarina v. Sears,_
_Roebuck & Co._, 466 F.3d 570, 572 (7th Cir. 2006) (under the law of
the case doctrine, we may overturn the decision of another district
judge in the same case only "if there is a compelling reason, such
as a change in, or clarification of, law that makes clear that the
earlier ruling was erroneous.").

As for the appropriate rate, the Illinois Supreme Court has
held that the prime interest rate, rather than the statutory rate,
better approximates the plaintiff's loss. _See In re Estate of_
_Wernick_, 535 N.E.2d 876, 888 (Ill. 1989) ("Over the past century,
however, the statutory rate for prejudgment interest has not been
changed to reflect the escalating interest rates in the market. As
a result, the statutory rate does not provide an accurate measure

- 4 -

of compensation for money wrongfully withheld."); <u>see also</u> <u>In the</u> <u>Matter of Oil Spill by Amoco Cadiz Off Coast of France on March 16,</u> <u>1978</u>, 954 F.2d 1279, 1331 (7th Cir. 1992) ("Prejudgment interest at the market rate puts both parties in the position they would have occupied had compensation been paid promptly."). Compound interest is the "norm" in federal litigation. <u>American Nat. Fire Ins. Co.</u> <u>v. Yellow Freight Sys., Inc.</u>, 325 F.3d 924, 938 (7th Cir. 2003). But this is a diversity case, and the claim at issue was decided as a matter of Illinois law. On the other hand, Wes-Tech relies exclusively on the Interest Act to support its argument for simple interest, (<u>see</u> Def.'s Resp. to Mot. for Interest on Award ¶ 9), whereas Judge Coar exercised his equitable authority to award prejudgment interest. <u>See</u> <u>Prignano</u>, 934 N.E.2d at 108. Our Court of Appeals' observation that compound interest "more fully compensate[s]" the plaintiff, <u>see</u> <u>American Nat. Fire Ins.</u>, 325 F.3d at 938, holds true for federal and state law claims alike. We conclude that compounding interest at the prime rate is appropriate. Because Wes-Tech has not disputed CIT's calculation, we will assume that CIT has accurately calculated the prejudgment interest amount.

## CONCLUSION

CIT's motion for prejudgment interest (95) is granted. Wes-Tech is ordered to pay CIT prejudgment interest in the amount of $3,953.00.

DATE:      May 11, 2011

ENTER:     _____

           John F. Grady, United States District Judge